KEVIN W. ROBERTS
ROBERTS | FREEBOURN, PLLC
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
Telephone: (509) 381-5262
Facsimile: (509) 473-9026
Email: kevin@robertsfreebourn.com

UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA

| | |
|---|---|
| LEO BRADY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CLOUD PEAK ENERGY, INC., a Delaware corporation, and CLOUD PEAK ENERGY SERVICES COMPANY, a Delaware company,<br><br>Defendant. | Case No.:<br><br>COMPLAINT FOR DAMAGES<br><br>JURY DEMANDED |

## I.   PARTIES

1. Plaintiff Leo Brady ("Brady") is an individual and at all material times was a resident of Sheridan County, Wyoming. Brady is a former employee of Defendant Cloud Peak Energy, and at all materials times was over 40 years of age.

2. Defendant Cloud Peak Energy, Inc. is a Delaware corporation, licensed and registered to do business in Montana. Defendant Cloud Peak Energy

COMPLAINT FOR DAMAGES - 1

Services Company is also Delaware company, licensed and registered in Montana and is believed to be Plaintiff's employer.

3. Defendants Cloud Peak Energy, Inc. and Cloud Peak Energy Services Company, collectively operate the Spring Creek Mine and are believed to be the entities who employed and are responsible for the actions taken against Brady.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, which gives district courts jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.

5. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), which gives the district court original jurisdiction over civil actions where the matter in controversy equals or exceeds $75,000 and is between citizens of different states.

6. Plaintiff brings this action to redress disability and age discrimination pursuant to 42 U.S.C. § 12101 *et. seq.* and 29 U.S.C. § 12101 *et. seq.*, as more fully set forth herein.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), because the events giving rise to the claims occurred in this District.

COMPLAINT FOR DAMAGES - 2

## III. STATEMENT OF FACTS

8. Plaintiff Brady was employed at Spring Creek Mine from May 1998 until the fall of 2016. Brady was a Plant Operator Level 6 for the Spring Creek Mine in Montana.

9. In November 2016, Brady informed his supervisor of his upcoming shoulder surgery to repair a torn rotator cuff and spoke with Tonya Obermire about the details of his surgery.

10. On December 14, 2016, Brady obtained confirmation of his request of leave and was provided a Certification of Healthcare Provider; FJA Cover Sheet; Fitness for Duty; and an Essential Job Function sheet.

11. The essential job function sheet reflected the essential job functions for the Gillette Mines, not the Spring Creek Mine. In Gillette, the control room, mechanic, and utilities rotated jobs, that was not true or reflective of the position in Spring Creek Mines, where the Control Room Operator did not rotate with other positions.

12. On December 21, 2016, Brady underwent surgery for his torn rotator cuff. Brady made weekly calls from December 21, 2016 through June 2, 2017, to check in with Obermire per the short-term disability (STD) leave policy. Brady left

his employee identification number and the status of his leave on recordings for the company.

13. On January 5, 2017, following an appointment with Dr. Elliot, Brady faxed Spring Creek Mine a physician work release form which stated that he was not released for work. They did not inform Brady that he was entitled to return to work if he could perform his job with accommodations.

14. Brady continued to fax Spring Creek Mine physician work releases following his doctor appointments on March 14, 2017, and April 19, 2017. On both dates, Brady's physician had not released him for work.

15. On or about May 10, 2017, Brady, expecting a June 2, release date, attended a training at the mine. Brady spoke with Jean Fox, the Human Resources Director at Spring Creek Mine, who asked him whether Diane Solomon, who was in charge of leave for Spring Creek Mine, had contacted him regarding the fact that he was not released. Brady told her that he had not heard from Solomon. Fox told him to file for long-term disability (LTD) in case he was not released by June 2. Fox told Brady that the application process for LTD took " " for approval.

16. Brady was told by both Fox and Obermire that if he was not fully released from his physician, then he could not return to work.

COMPLAINT FOR DAMAGES - 4

17.     Pursuant to Brady's conversation with Fox, he requested LTD paperwork from Obermire and requested for Solomon to contact him.

18.     On May 17, 2017, Brady completed and returned the LTD paperwork as directed by his employer.

19.     On May 24, 2017, Solomon contacted Brady to schedule a conference call regarding his STD ending and to schedule his return to work.

20.     On May 31, 2017, Brady conferenced with Solomon who told Brady that his STD expired June 13, 2017. Solomon explained the LTD process with Liberty Mutual and how it would take a minimum of 30 days to process Brady's paperwork. She went on to tell Brady that as of June 13, Brady's status in the computer system would change from an "*active employee*" to a "*terminated employee*."

21.     Solomon further explained that if Brady's LTD was not approved by June 13, 2016, then he will be coded as a retiree and if Brady's LTD is approved after June 13, then he could choose to take his LTD insurance, but doing so would preclude Brady from receiving his retirement benefits.

22.     Brady was stunned and clarified with Solomon, asking her if this meant he would lose his $600 healthcare reimbursement account ("HRA").

COMPLAINT FOR DAMAGES - 5

Solomon confirmed Brady's fears and told Brady this is why "*a lot of guys in your position choose to skip the LTD and just choose retirement.*" Brady asked how he would know which one to choose and Solomon told him that he would be automatically retired on June 13, but if he was approved for LTD before June 13, to notify Spring Creek Mine.

23. Brady decided he wanted to return to work in order to support his family.

24. On June 2, 2017, Brady was released to work by his physician with restrictions. Brady was able to perform the essential duties of his job with accommodation. Brady called Obermire to inform her of his work release status, and ability to work with accommodation. Brady was told, "*no full release, no return to work.*" Brady faxed a Fitness for Duty release with restricted duty to both Obermire and Solomon.

25. Based on the release by his physician, Defendants were aware that Brady could perform his job with accommodations.

26. The Spring Creek Mines had a policy of not allowing employees to return to work unless they could perform their job without the need for any accommodation.

COMPLAINT FOR DAMAGES - 6

27. On or about June 14, 2017, Brady spoke with Solomon who told him if he could not get a full release, he could not return to work. Solomon informed Brady that he had been effectively retired by the company.

28. On or about June 15, 2017, Brady requested Spring Creek Mine's STD and LTD policies. Fox met Brady and gave him Cloud Peak Energy Policy # HRM 117 – Long Term Disability and #HRM Short Term Disability. Brady noticed on the last page of the documents there was an Americans with Disabilities (ADA) policy.

29. On June 27, 2017, Brady faxed Cloud Peak Energy for the Bwsift HRA enrollment form.

30. On June 28, 2017, Brady called Solomon and requested a Light Duty and ADA policy to appeal. Solomon sent Brady the Light Duty form but failed to send the ADA policy. The following day, Brady emailed a request to Solomon for the policy.

31. On June 29, 2017, Liberty Mutual notified Brady they were still reviewing his LTD claim and to expect an answer by July 19, 2017.

32. Also, on June 29, 2017, Brady completed and emailed the ADA forms to HR Sr. VP (Amy Clemetson); the Mine Manager at Spring Creek Mine (David

COMPLAINT FOR DAMAGES - 7

Schwend); the Plant Manager at Spring Creek Mine (Mike Mindham); Human Resources at Spring Creek Mine (Jean Fox); and the person in charge of leave for Spring Creek Mine (Diane Solomon) and requested an appeal for his termination, because he could perform his job with accommodation. Brady followed-up his email request with a fax.

33. On June 30, 2016, Brady sent the ADA Appendix A to his doctor and sent an appeal to Clemetson.

34. On July 7, 2016, Fox acknowledged receipt of Brady's June 29th email and told Brady it was being reviewed.

35. On July 16, 2017, Brady met with Fox and Mindham who told Brady there was confusion with his LTD and retirement and would re-open Brady's LTD application. Brady expressed his frustration with not being able to return to work, not wanting to lose his retirement, and the fact that Spring Creek Mine did not use the same rotating work as other mines, which allowed him to perform his job with minor accommodation.

36. On July 24, 2017, Brady received notification of his LTD application being re-opened pursuant to his conversation with Fox.

COMPLAINT FOR DAMAGES - 8

37. On August 16, 2017, Brady received an LTD review letter from Liberty Mutual, denying Brady's claim for LTD conforming Brady was capable of performing the material and substantial duties of his occupation and Brady was capable for sustaining fulltime work within his restrictions and limitations.

38. Following the receipt of the Liberty Mutual LTD letter, Brady contacted Fox who directed Brady to file an appeal with Liberty Mutual.

39. On August 22, 2017, Brady filed a complaint with the Equal Employment Opportunity Commission (EEOC).

40. On January 16, 2018, Brady participated in an EEOC mediation with Spring Creek Mine. The parties were unable to come to a resolution.

41. On June 4, 2018, Brady requested a Notice of Right to Sue letter from the EEOC.

42. On June 6, 2018, the EEOC issued Brady a Notice of Right to Sue Spring Creek Mine.

### IV.   CAUSES OF ACTION
### FIRST CAUSE OF ACTION
### AMERICANS WITH DISABILITIES ACT
### (FAILURE TO ACCOMMODATE – 42 U.S.C. § 12101 *et. seq.*)

43. Plaintiff re-alleges the preceding paragraphs as though fully set forth herein.

44. Defendant Cloud Peak Energy, Inc. is an "*employer*" as defined by the ADA, 42 U.S.C. § 12101 *et. seq.*

45. Defendant Cloud Peak Energy Services Company is an "*employer*" as defined by the ADA, 42 U.S.C. § 12101 *et. seq.*

46. Plaintiff is an individual who was regarded as having a "*disability*" as defined by the ADA, 42 U.S.C. § 12102(2).

47. Plaintiff was qualified to perform the essential functions of his position with accommodation.

48. Plaintiff suffered an adverse action because of his disability.

49. As a result of Defendants' conduct, Plaintiff has suffered damages in an amount to be determined at trial.

50. Plaintiff is also entitled to reasonable attorney fees and costs pursuant to 42 U.S.C. § 2000e-5(k).

**SECOND CAUSE OF ACTION**
**AGE DISCRIMINATION IN EMPLOYMENT ACT**
**(29 U.S.C. § 12101 *et. seq.*)**

51. Plaintiff incorporates the paragraphs alleged above as though fully set forth herein.

52. Plaintiff is over the age of 40 years old.

53. Plaintiff was discharged as a result of his age when his position and essential job duties were given to a younger individual.

54. The actions of Defendants also constitute age discrimination on the basis of disparate treatment and disparate impact.

55. Plaintiff is entitled to damages in such amount as is proven at trial as well as punitive damages pursuant to 42 U.S.C. § 2000(e).

## THIRD CAUSE OF ACTION
## DISCRIMINATION IN EMPLOYMENT – AGE
## (MCA § 49-2 *et. seq.*)

56. Plaintiff incorporates the paragraphs alleged above as though fully set forth herein.

57. Defendant Cloud Peak Energy, Inc. is an "*employer*" as defined by MCA § 49-2-101(11).

58. Defendant Cloud Peak Energy Services Company is an "*employer*" as defined by MCA § 49-2-101(11).

59. Plaintiff is an "*employee*" as defined by MCA § 49-2-101(10)(a).

60. Plaintiff is over 40 years old and is a member of a protected class.

61. Plaintiff performed his job in a satisfactory manner.

62. Plaintiff was replaced by a substantially younger worker.

63. Plaintiff is entitled to damages in an amount to be proven at trial as well as for reasonable attorney's fees and costs as provided by statute.

## FOURTH CAUSE OF ACTION
## DISCRIMINATION IN EMPLOYMENT – DISABILITY
### (MCA §§ 49-2 and 49-4 *et. seq.*)

64. Plaintiff incorporates the paragraphs alleged above as though fully set forth herein.

65. Defendant Cloud Peak Energy Inc. is an "*employer*" as defined by MCA § 49-2-101(11).

66. Defendant Cloud Peak Energy Services Company is an "*employer*" as defined by MCA § 49-2-101(11).

67. Plaintiff is an "*employee*" as defined by MCA § 49-2-101(10)(a)

68. Plaintiff had a "physical disability" as defined by MCA § 49-2-101(19)(a) and Defendants perceived Plaintiff to be disabled.

69. Plaintiff was able to perform the essential duties of his job and otherwise qualified for continued employment. Plaintiff's employment did not subject him or others to physical harm.

70. Defendants denied Plaintiff continued employment because of his disability.

71. In violation of Montana's Human Rights Act, Defendants discriminated against Plaintiff based upon his disability and/or perception of his disability.

72. As a direct result, Plaintiff has suffered damages in an amount to be proven at trial. This includes, but is not limited to: back pay, front pay, attorney fees, costs, taxable consequences, and prejudgment interest.

### FIFTH CAUSE OF ACTION
### VIOLATION OF THE WRONGFUL DISCHARGE FROM EMPLOYMENT ACT
### (MCA § 39-2-901 *et. seq.*)

73. Plaintiff incorporates the paragraphs alleged above as though fully set forth herein.

74. A clear public policy exists to protect workers from disability and age discrimination and retaliation.

75. Defendants' decision to discharge Plaintiff was in retaliation to Plaintiff's refusal to violate public policy or for reporting a violation of public policy.

76. Defendants' discharge was not for good cause and Defendant violated its own written personnel policy.

77. Plaintiff is entitled to damages in such amount as is proven at trial as well as punitive damages and lost wages pursuant to MCA § 39-2-905.

### SIXTH CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLCY
### (MCA § 49-2 *et. seq.*)

78. Plaintiff incorporates the paragraphs alleged above as though fully set forth herein.

79. Plaintiff's short-term disability leave and request for disability accommodation were protected activities.

80. Defendants took an adverse employment action against Plaintiff for using short-term disability leave and for requesting accommodation.

81. Defendants violated public policy by terminating Plaintiff's employment, despite no cause or justification and terminated his employment based upon Plaintiff's short-term disability leave and request for accommodation.

82. As a result of Defendants' retaliation, Plaintiff has suffered damages in an amount to be proven at trial.

### V. JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues for which Plaintiff is entitled as a matter of right.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request judgment in their favor and against Defendants as follows:

1. An award of general and special damages against Defendants according to proof at trial;

2. Punitive damages;

3. Reasonable attorney fees and costs pursuant to any and all applicable laws and rules; and

4. Any other remedies that this Court deems equitable and appropriate.

Dated this 9th of July 2018.

/s/ Kevin Roberts
KEVIN W. ROBERTS, MSB #11444
*Attorney for Plaintiff*