KEVIN W. ROBERTS
ROBERTS | FREEBOURN, PLLC
1325 W. 1ˢᵗ Ave., Ste. 303
Spokane, WA 99201
Telephone: (509) 381-5262
Facsimile: (509) 473-9026
Email: kevin@robertsfreebourn.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| LEO BRADY, an individual,<br><br>      Plaintiff,<br><br>vs.<br><br>CLOUD PEAK ENERGY, INC., a Delaware corporation, and CLOUD PEAK ENERGY SERVICES COMPANY,  a Delaware company,<br><br>      Defendant. | Case No.: 1:18-cv-105-BLG-SPW<br><br><br>PLAINTIFF'S PRELIMINARY PRETRIAL STATEMENT |

Plaintiff Leo Brady submits his Preliminary Pretrial Statement as follows:

**I.       A Brief Factual Outline of the Case.**

Leo Brady was employed by Cloud Peak Energy Services Company ("Cloud Peak") as a Control Room Operator at the Spring Creek Mine ("Spring Creek") located in Decker, Montana. In November of 2016, Mr. Brady informed his supervisor of his upcoming shoulder surgery. On December 14, 2016, Mr. Brady

obtained confirmation of his leave request and was provided paperwork he needed for his short-term disability ("STD") leave. One of the documents Mr. Brady received as an "Essential Job Function" sheet for his position as a Control Room Operator. However, the Essential Job Function sheet reflected the essential job functions for a different mine, where the control room, mechanic, and utilities rotated positions. Whereas the positions at Spring Creek did not rotate positions and the physical demand on its Control Room Operators was much less.

On December 21, 2016, Mr. Brady underwent surgery and began STD. Pursuant to the terms of Mr. Brady's STD, Mr. Brady was required to check in with Spring Creek's human resources ("HR") and update them with the status of his disability leave. Mr. Brady made weekly calls to HR from December 21, 2016 through June 2, 2017. On or about May 10, 2017, Brady attended a training at Spring Creek and was told by the HR Director, Jean Fox, that he could not return to work unless he had a full release from his physician. Tonya Obermire, a HR representative and Ms. Fox both informed Mr. Brady that he would need to apply for long-term disability ("LTD") if he could not return to work without a full release.

Pursuant to Mr. Brady's conversation with Ms. Fox and Ms. Obermire, Mr. Brady applied for LTD. Mr. Brady was informed by Diane Solomon, who is in charge of employee leave at Spring Creek, that it would take a minimum of 30 days for his LTD to be processed. On June 2, 2017, Mr. Brady's physician released him

to return to work with accommodations, however, Mr. Brady was repeatedly told that he could not return to work unless he had a full release. On or about June 15, 2017, Mr. Brady was provided with information that included a document about the Americans with Disabilities Act ("ADA"). This was the first time Mr. Brady was made aware by Spring Creek of his rights under the ADA. After receiving the ADA information, Mr. Brady requested Light Duty from Spring Creek, which was denied.

## II.     The Basis for Federal Jurisdiction and for Venue in the Division.

The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, which gives district courts jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States. Plaintiff's claims include counts based on the American with Disabilities Act (42 U.S.C. § 12101 et seq) and the Age Discrimination in Employment Act (29 U.S.C. § 12101 et seq.). The Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), which gives the district court original jurisdiction over civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. The parties agree that both elements of diversity jurisdiction are met in this case.

## III.    The Factual Basis and Legal Theory of Each Claim or Defense Advanced by the Party.

A. Mr. Brady was qualified to perform the essential functions of his position with accommodation, however Mr. Brady's employer refused to make reasonable accommodations for Mr. Brady, who suffered an adverse

action because of his disability. 42 U.S.C. § 12101 *et. seq.,* MCA § 49-2 *et. seq.*

B. Mr. Brady is over the age of 40 years old, which places him in a protected group of individuals. After Mr. Brady was discharged as a result of his age, his position and essential job duties were given to a younger individual. Mr. Brady also suffered age discrimination on the basis of disparate treatment and disparate impact. 29 U.S.C. § 12101 *et. seq.,* MCA §§ 49-2 and 49-4 *et. seq.*

## IV.     Computation of Damages.

Mr. Brady's damages are not fully known and will be determined by a jury. Mr. Brady has incurred front pay, back pay, impact on his benefits, as well as emotional distress.

## V.     The Pendency or Disposition of any Related State or Federal Litigation.

Plaintiff is not aware of the pendency or disposition of any related state or federal litigation.

## VI.     Proposed Additional Stipulations of Fact not Included in the Statement of Stipulated Facts, *see* L.R. 16.2(b)(3), and the Parties' Understanding of What Law Applies.

Plaintiff proposes no additional facts to those stated in the Statement of Stipulated Facts.

## VII.     Proposed Deadlines Relating to Joinder of Parties or Amendment of the Pleadings.

1
2      The parties agree that the deadline to join additional parties and/or amend the
3    pleading without leave of Court should be November 30, 2018, as outlined in the
4    Joint Discovery Plan.
5
6    **VIII.  Identification of Controlling Issues of Law Suitable for Pretrial Disposition.**
7
8      Plaintiff will be moving for Summary Judgment on the claims alleged in his
9    Complaint.
10
11   **IX.    The Name, City, and State of Current Residence of Each Individual Known or Believed to Have Information That may be Used in Proving or Denying any Party's Claims or Defenses, and a Summary of that Information. If Known, the Address and Telephone Number of the Individual Must be Provided to all Counsel on Request.**
12
13
14     A. Leo Brady
15        C/O Roberts | Freebourn, PLLC
16        1325 W. 1st Ave Ste. 303
       Spokane, WA 99201
17
18   Mr. Brady has information of the facts underlying the allegations in the
19   Complaint, including knowledge surrounding his health, employment,
20   discrimination and damages.
21
22     B. Anntoinette (Ann) Slepitis-Brady
23        C/O Roberts | Freebourn, PLLC
24        1325 W. 1st Ave Ste. 303
       Spokane, WA 99201
25

Ms. Slepitis-Brady has information of the facts underlying the allegations in the Complaint, including knowledge surrounding Mr. Brady's health, employment, and discrimination.

C. James Elliot, MD
2900 12th Ave. No. 140W or 100E
Billings, MT 59101

Dr. Elliot has information of the facts underlying the allegations of Mr. Brady's Complaint, including knowledge surrounding Mr. Brady's health before and after his surgery.

D. Todd Hull, PA-C
2900 12th Ave. No. 140W or 100E
Billings, MT 59101

Mr. Hull has information of the facts underlying the allegations of Mr. Brady's Complaint, including knowledge surrounding Mr. Brady's health before and after his surgery.

E. Kara Bateson, MPT
51 E. 1st St.
Sheridan, WY 82801
307-672-5000

Ms. Bateson has information of the facts underlying the allegations of Mr. Brady's Complaint, including knowledge surrounding Mr. Brady's health.

F. Lyle Rasmussen
P.O. Box 779
Osage Beach, MO 65065

Mr. Rasmussen has information of the facts underlying the allegations of Mr.

Brady's Complaint, including knowledge surrounding Mr. Brady's health.

> G.  Dan Doke
> P.O. Box 59
> Ranchester, WY 82838

Mr. Doke has information regarding the duties and responsibilities of a

Control Room Operator at Spring Creek. Mr. Doke will also be able to testify that

Mr. Brady was asked to take on Mr. Doke's duties as an accommodation for Mr.

Doke when he returned to work after surgery.

> H.  Tom Phillips
> 361 Adkins Valley Ln.
> Sheridan, WY 82801
> 406-757-2581

Mr. Phillips has knowledge of Spring Creek Mine's actions relative to Mr.

Brady, his duties, and Spring Creek Mine's policies and practices.

> I.  Ned Szatkowski
> 822 Victoria St.
> Sheridan, WY 82801
> 406-757-2581

Mr. Szatkowski has knowledge of Spring Creek Mine's actions relative to Mr.

Brady, his duties, and Spring Creek Mine's policies and practices.

> J.  Steve Apperson
> P.O. Box 542
> Story, WY 82842
> 406-757-2581

Mr. Apperson has knowledge of Spring Creek Mine's actions relative to Mr.

Brady, his duties, and Spring Creek Mine's policies and practices.

    K.  Jean Fox
    67 Lakeshore Dr.
    Decker, MT 59025
    406-757-2581

Ms. Fox has knowledge of Spring Creek Mine's actions relative to Mr. Brady,

his duties, and Spring Creek Mine's policies and practices.

    L.  Diane Solomon
    67 Lakeshore Dr.
    Decker, MT 59025
    406-757-2581

Ms. Solomon has knowledge of Spring Creek Mine's actions relative to Mr.

Brady, his duties, and Spring Creek Mine's policies and practices.

    M. Tonya Obermire
    67 Lakeshore Dr.
    Decker, MT 59025
    406-757-2581

Ms. Obermire has knowledge of Spring Creek Mine's actions relative to Mr.

Brady, his duties, and Spring Creek Mine's policies and practices.

    N. Mike Mindham
    67 Lakeshore Dr.
    Decker, MT 59025
    406-757-2581

Mr. Mindham has knowledge of Spring Creek Mine's actions relative to Mr.

Brady, his duties, and Spring Creek Mine's policies and practices.

O. Gene Barnes
435 Burson Street
Sheridan, WY 82801

Mr. Barnes has knowledge of Spring Creek Mine's actions relative to Mr. Brady, his duties, and Spring Creek Mine's policies and practices.

## X. The Substance of any Insurance Agreement that may Cover any Resulting Judgment.

Plaintiff does not have an insurance policy that would cover a resulting judgment.

## XI. Status of any Settlement Discussions and Prospects for Compromise of the Case.

Plaintiff and Defendant Cloud Peak participated in a mediation through the Equal Employment Opportunity Commission. The parties were unable to reach a resolution through that mediation.

## XII. Suitability of Special Procedures.

Plaintiff does not believe any special procedures are necessary.

Dated this 7th of November 2018.

/s/ Kevin Roberts
KEVIN W. ROBERTS, MSB #11444
*Attorney for Plaintiff*

PLAINTIFF'S PRELIMINARY PRETRIAL STATEMENT - 9

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of November 2018, a copy of the foregoing document, was duly served by CM/ECF filing to the following:

Clerk, U.S. District Court, Billings Division

Bradley T. Cave – Bcave@hollandhart.com

Brianne McClafferty – BCMcClafferty@hollandhart.com

/s/ Kevin W. Roberts
ROBERTS | FREEBOURN, PLLC
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262
kevin@robertsfreebourn.com
*Attorney for Plaintiff*

PLAINTIFF'S PRELIMINARY PRETRIAL STATEMENT - 10